IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:25-CT-3183-D

| | | |
|---|---|---|
| LUIS ANTONIO ROSADO, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| BRADLEY D. BRECHER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

On August 18, 2025, Luis Antonio Rosado, Jr. ("Rosado" or "plaintiff"), a state inmate proceeding pro se, filed a complaint under 42 U.S.C. § 1983 against Bradley D. Brecher ("Brecher"), Joshua H. Stein ("Stein"), Alan D. McInnes ("McInnes"), James B. Trachtman ("Trachtman"), Joshua D. Barnes ("Barnes"), Eric Riggs ("Riggs"), Larry Grier ("Grier"), John Gray ("Gray"), Dashone Joyner ("Joyner"), and Mickeeyn Robinson ("Robinson") (collectively, "defendants") [D.E. 1]. On March 20, 2026, Rosado filed a one-sentence motion "to amend [his] 1983 complaint 5:25-CT-3183-D" because he "need[s] to reaffirm and clarify certain issues on the claim" [D.E. 8]. As explained below, the court dismisses the complaint as frivolous.

Rosado filed a complaint based on a December 18, 2018 use of force incident at Maury Correctional Institution ("Maury"). See [D.E. 1] 7–14; Rosado v. Barnes, No. 5:19-CT-3358, 2023 WL 4242758, at *1 (E.D.N.C. June 28, 2023) (unpublished) ("the 3358 action"), aff'd, No. 23-6340, 2024 WL 3874434 (4th Cir. Aug. 20, 2024) (per curiam) (unpublished), cert. denied, 145 S. Ct. 1336 (2025). In an earlier action about the same incident, "[a]fter defendants Barnes, Grier, Joyner, Riggs, and Robinson moved for summary judgment, the court granted the motion as to all claims and defendants except plaintiff's excessive force claim against defendants Grier, Barnes,

and Robinson." Rosado, 2023 WL 4242758, at *1. On February 28, 2023, a jury "returned a verdict for defendants Barnes, Grier, and Robinson, finding that these defendants did not use force against plaintiff maliciously and sadistically for the very purpose of causing plaintiff harm." Id.

Rosado again names defendants Barnes, Riggs, Grier, Joyner, and Robinson in this action, along with Gray, the warden at Maury, and Stein, Breecher, Trachtman, and McInnes, current or former attorneys in the North Carolina Attorney General's Office who represented Barnes, Riggs, Grier, Joyner, and Robinson during the 3358 action. See [D.E. 1] 3–14. Rosado alleges he was "swindled from his verdict [in the 3358 action] and the defendants riddled the entire case (5:19-CT-03358-BO) with lies and perjured testimony and suborned perjury." Id. at 14. Rosado seeks over 12 million dollars in damages and the "termination of employments of each individual and sanctions imposed for subornation of perjury and perjury, and fraud." Id. at 15. On December 13, 2024, the court dismissed Rosado's virtually identical complaint for failure to state a claim and as frivolous under 28 U.S.C. § 1915A(b)(1). See Order at 5, Rosado v. Brecher, No. 5:24-CT-3208 (E.D.N.C. Dec. 13, 2024) ("Rosado I"), [D.E. 10], aff'd, No. 24-7217, 2025 WL 1232914 (4th Cir. Apr. 29, 2025) (per curiam) (unpublished).

"Because district courts are not required to entertain duplicative or redundant lawsuits, they may dismiss such suits as frivolous pursuant to § 1915(e). Generally, a lawsuit is duplicative of another one if the parties, issues and available relief do not significantly differ between the two." Cottle v. Bell, 229 F.3d 1142, at *1 (4th Cir. 2000) (per curiam) (unpublished table decision) (citations omitted); see D.C. ex rel. Chaplick v. Fairfax Cnty. Sch. Bd., 171 F.4th 255, 265 (4th Cir. 2026); I.A. Durbin, Inc. v. Jefferson Nat'l Bank, 793 F.2d 1541, 1551–52 (11th Cir. 1986) (collecting cases). Additionally, under the doctrine of res judicata, "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have

been raised in that action." <u>Allen v. McCurry</u>, 449 U.S. 90, 94 (1980); <u>see also</u> <u>Pension Benefit Guar. Corp. v. Beverley</u>, 404 F.3d 243, 248 (4th Cir. 2005); <u>Pueschel v. United States</u>, 369 F.3d 345, 354 (4th Cir. 2004). Rosado's complaint duplicates his prior action. <u>Compare</u> [D.E. 1], <u>with</u> Compl., <u>Rosado I</u>, [D.E. 1]. Moreover, the court cannot reach a different legal decision from <u>Rosado I</u> in light of the final judgment on the merits. <u>See</u> <u>Rosado</u>, 2025 WL 1232914, at *1. Thus, the court dismisses the complaint as frivolous.

In sum, the court DISMISSES the action as frivolous and DENIES plaintiff's motion to amend [D.E. 8]. The clerk SHALL close the case.

SO ORDERED. This 18 day of May, 2026.

JAMES C. DEVER III
United States District Judge

3